## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN JAMES SHANNON** | **CIVIL ACTION** |
| **versus** | **NO. 14-1216** |
| **JERRY GOODWIN** | **SECTION: "A" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Alvin James Shannon, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana.  In 1987, he was convicted of second degree murder under Louisiana law and sentenced to a term of life imprisonment.  After unsuccessfully seeking direct and collateral review in the state courts, he filed a federal *habeas corpus* application in this Court in 1995.  That application was subsequently dismissed without prejudice because he had not exhausted his remedies in the state courts.  Shannon v. Cain, Civ. Action No. 95-3408 "A"(1) (E.D. La. May 23, 1996).[1]

---

[1] Because the record relating to that prior case is now in storage, it is not readily available. However, a copy of the ruling from that case is attached to this Report and Recommendation for the convenience of the United States District Judge and any reviewing court.

After his subsequent attempts to obtain post-conviction relief in the state courts also proved unsuccessful, petitioner filed the instant federal *habeas corpus* application.[2]  The state filed an answer arguing that the application should be dismissed as a "second or successive" petition filed without the required authorization.[3]  For the reasons explained herein, the state is incorrect on that point; however, the petition should nevertheless be dismissed on other grounds.

Federal law provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[2] Rec. Doc. 4.

[3] Rec. Doc. 17.  In its response, the state also indicated that it was submitting a copy of the state court record along with the response.  According to our records, no such copy of the state court record was ever received by our Clerk of Court.  However, a copy of the state court record is not necessary for the Court to address petitioner's claims.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

The United States Fifth Circuit Court of Appeals has explained:

The AEDPA ... does not define what constitutes a 'second or successive' application. Nevertheless, *a prisoner's application is not second or successive simply because it follows an earlier federal petition.* Instead, section 2244 – one of the gatekeeping provisions of the AEDPA – was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences. Thus, a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.

*In re* Cain, 137 F.3d 234, 235 (5th Cir. 1998) (footnote omitted; emphasis added).  The Fifth Circuit has further explained:  "A § 2254 application filed after an earlier application that was dismissed without prejudice for failure to exhaust state court remedies is not a second or successive application."  Strickland v. Thaler, 701 F.3d 171, 174 (5th Cir. 2012).  As that is precisely the situation here, the state's argument that the instant application should be dismissed as a "second or successive" petition has no merit.

That said, petitioner must nevertheless assert a cognizable claim in order to avoid dismissal.  He has not.

In the instant application, petitioner first claims that the state courts erred in denying his most recent post-conviction application as untimely.[4]  However, even if the state courts erred in

_____

[4] Rec. Doc. 4-1, p. 1.

that respect, federal *habeas corpus* relief simply cannot be granted to remedy errors which occurred

in state *post-conviction* proceedings.   As the United States Fifth Circuit Court of Appeals has

explained:

> [O]ur circuit precedent makes abundantly clear that errors in state
> postconviction proceedings will not, in and of themselves, entitle a
> petitioner to federal habeas relief.   See, e.g., Hallmark v. Johnson,
> 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas
> proceedings do not constitute grounds for relief in federal court.");
> Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on
> a state habeas proceeding does not entitle the petitioner to habeas
> relief in respect to his conviction, as it is an attack on a proceeding
> collateral to the detention and not the detention itself.") (internal
> quotations omitted).   Rather, we must find constitutional error at the
> trial or direct review level in order to issue the writ.

Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999); see also Duff-Smith v. Collins, 973 F.2d

1175, 1182 (5th Cir. 1992); Austin v. Cain, Civ. Action No. 12-2992, 2013 WL 3983513, at *2 (E.D.

La. July 31, 2013); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23 (E.D. La.

Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757,

at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6

(E.D. La. Dec. 11, 2008).   Although application of this rule often proves harsh, the Fifth Circuit has

emphatically held that it must nevertheless be followed, stating:

> We, as a federal appeals court entertaining a *federal* habeas corpus
> application, are without jurisdiction to review the constitutionality of
> [the petitioner's] state postconviction proceedings. Indeed, we are
> barred from doing so by our "no state habeas infirmities" rule. ...
> [O]ur hands are tied by the AEDPA, preventing our review of [the
> petitioner's] attack on his Louisiana postconviction proceedings, so
> we dutifully dismiss his claim.

Kinsel v. Cain, 647 F.3d 265, 273-74 (5th Cir. 2011) (footnote omitted).

Second, petitioner also claims that he is entitled to relief because he was denied adequate assistance of counsel in his state collateral-review proceedings.[5]  However, again, even if that is true, it does not state a cognizable *habeas corpus* claim.  As the United States Fifth Circuit Court of Appeals has explained:

> Section 2254 of Title 28 of the United States Code guarantees post-conviction habeas relief only on the basis that a petitioner's conviction or sentence violates the Constitution or laws of the United States.  Although individual states, for independent reasons, may decide to create a right to counsel for post-conviction review, the decision has no basis in the Constitution.  See, e.g., Jackson v. State, 732 So.2d 187, 190-91 (Miss. 1999) (categorizing post-conviction efforts as "an appendage, or part, of the death penalty appeal process at the state level" and granting attorney compensation and litigation expenses to petitioner, even though the grant is not required by the Constitution or by Mississippi's Uniform Post-Conviction Collateral Relief Act).  But the Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions."  Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (citing Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)).  The Finley Court wrote:  "We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."  Id.  Because [petitioner] has no right to counsel in post-conviction proceedings, he can allege no unconstitutional denial of the effective assistance of post-conviction counsel.  See Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Bishop v. Epps, 265 Fed. App'x 285, 289-90 (5th Cir. 2008).

---

[5] Rec. Doc. 4, p. 1.

Out of an abundance of caution, the undersigned notes that <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), which petitioner cites in support of his claim, does not hold otherwise.  In <u>Martinez</u>, the United States Supreme Court held only that "[i]nadequate assistance of counsel at initial-review collateral proceedings *may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial*."  <u>Id</u>. at 1315 (emphasis added).  In reaching that holding, the Supreme Court expressly declined to revisit the broader issue of whether a prisoner has a *federal constitutional right* to the effective assistance of counsel in a collateral-review proceeding in state court.  <u>Id</u>.  <u>See</u> <u>*In re*</u> <u>Sepulvado</u>, 707 F.3d 550, 554 (5th Cir. 2013) ("To the extent that [petitioner] relies on a supposed constitutional right to the effective assistance of post-conviction counsel, he misapprehends the holding and import of <u>Martinez</u>, which did not alter our rule that the Sixth Amendment does not apply in habeas proceedings. ...  <u>Martinez</u> explicitly left open the *constitutional* question whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." (footnote and quotation)), <u>cert. denied</u>, 134 S. Ct. 420 (2015).

Lastly, even if petitioner were trying to assert some other type claim and somehow use <u>Martinez</u> to serve as the basis for an argument that his federal application, which was filed *decades* after his state court conviction became final, is nevertheless timely under the one-year federal limitations period,[6] such an argument clearly would have no merit.  <u>Martinez</u> neither "provide[d] an excuse for the untimely filing of a federal *habeas* petition," nor "constitute[d] a new rule of constitutional law made retroactive on collateral review that would start a new one-year filing

---

[6] <u>See</u> Rec. Doc. 4, p. 13.

period under the AEDPA."  <u>Morehead v. Tanner</u>, Civ. Action No. 14-1390, 2015 WL 3853044, at *7 (E.D. La. June 22, 2015) (Zainey, J., adopting the Report and Recommendation of North, M.J.).

### <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Alvin James Shannon be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this fourteenth day of August, 2015.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

APR 30  11 37 AM '96

ALVIN JAMES SHANNON

VERSUS

BURL CAIN, WARDEN, LSP

CIVIL ACTION

NO. 95-3408

SECTION: "A"(1)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submissions of proposed findings and recommendations for disposition pursuant to 28 U.S.C Section 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Title 28 U.S.C. Section 2254 Cases. Upon review of the entire record, the undersigned has determined that this matter is not yet ripe for adjudication, as petitioner has not fully exhausted his state remedies. Accordingly, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** with **LEAVE TO AMEND** same within 10 days after receipt of this recommendation.

The petitioner, Alvin James Shannon, is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On January 13, 1987, petitioner was convicted of Second Degree Murder, in violation of La. R. S. 14:30.1, and was sentenced to life at hard labor without benefit of parole, probation or suspension of sentence.[1] Petitioner filed an appeal with the Louisiana Fourth Circuit Court of Appeals, where he raised three assignments of error: (1) prejudicial remarks by the

---

[1] State v. Shannon, No. 316-027, Criminal District Court for the Parish of Orleans, Section "H".



DATE OF ENTRY  MAY 1 1996

(5)

DATE OF ENTRY  MAY 1 1996

FEE
PROCESS
X CHARGE
DKTD
ORDER
HEARING
DOCUMENT No.

prosecutor during closing argument; (2) insufficiency of the evidence; and (3) the cause of death, raised as a <u>pro</u> <u>se</u> assignment. The Fourth Circuit found these claims to be without merit, and affirmed petitioner's conviction and sentence on September 16, 1988.[2] An application for writs of certiorari was denied by the Louisiana Supreme Court on June 19, 1992.[3]

The petitioner has filed two applications for habeas corpus relief with the Criminal District Court, Parish of Orleans. The first application was filed on November 16, 1993, and concerned a request for court and hospital records. This writ was denied on March 23, 1994.[4] The second application was filed on April 18, 1995. It raised five issues for review: (1) lack of probable cause for arrest and detention; (2) lack of a grand jury indictment; (3) tainted identification; (4) involuntary confession; and, (5) insufficiency of the evidence. This application was denied on May 1, 1995.[5]

Petitioner has filed six applications for supervisory relief with the Louisiana Fourth Circuit Court of Appeals. Petitioner's first three applications to the Fourth Circuit were denied because

---

[2] <u>State v. Shannon</u>, KA 9222, 531 So.2d 1113 (La. App. 4th Cir. 1988).

[3] <u>State v. Shannon</u>, 91 KH 2491, 600 So.2d 632 (La. 1992).

[4] <u>State v. Shannon</u>, No. 316-027 (Cr. D. C., Parish of Orleans March 23, 1994).

[5] <u>State v. Shannon</u>, No. 316-027 (Cr. D. C., Parish of Orleans May 1, 1995).

2



his appeal was pending.[6]   Petitioner's fourth application was a request for records.  It was denied on November 24, 1987, because petitioner had not stated a particularized need for the documents.[7] On September 12, 1988, petitioner's fifth application was denied as not considered, because it raised the same issues that were presented on appeal.[8]   On May 21, 1993, petitioner's final application was denied because his claims were found to be barred by the prescriptive period of La.C.Cr.P. Art. 930.8.[9],[10]   The Louisiana Fourth Circuit additionally noted that the petitioner's claims were without merit.[11]

The petitioner has filed four applications for habeas corpus relief with the Louisiana Supreme Court.  The first application was filed on May 25, 1988; it contained a request for documents, and raised the issues of lack of probable cause and ineffective assistance of counsel.  The application was denied on September 30,

---

[6] State ex. rel. Alvin J. Shannon, 87-K-7268 (La. Ct. App. March 9, 1987); State ex. rel. Alvin J. Shannon, 87-K-7513 (La. Ct. App. April 13, 1987); State ex. rel. Alvin J. Shannon, 87-K-7478 (La. Ct. App. April 13, 1987).

[7] State v. Shannon, No. 87-K-9011 (La. Ct. App. November 24, 1987).

[8] State v. Shannon, 88-K-1603 (La. Ct. App. September 12, 1988).

[9] State v. Shannon, 93-K-0929 (La. Ct App. May 21, 1993).

[10] It is interesting to note that respondent did not raise the issue of procedural bar in its brief.

[11] Id.



1988.[12]  Petitioner's second application was filed on July 18, 1988;
petitioner requested the appointment of counsel and raised the
following issues: (1) indictment was based on false coroner and
hospital records; (2) ineffective assistance of counsel; (3) denial
of discovery.   The application was denied on April 7, 1989.[13]
Petitioner's third application was filed on October 30, 1991; the
issues raised were: (1) insufficiency of the evidence; and, (2)
double jeopardy.   The application was denied on June 19, 1992.[14]
Petitioner's last application was filed on May 7, 1993; the issues
raised were: (1) a *Brady* violation; and, perjured testimony was
used to secure his conviction.   This application was denied as not
considered on December 20, 1993, because the issues had not been
first presented to the district court.[15]

Petitioner filed the instant federal application for habeas
corpus relief, on October 18, 1995.   In this application,
petitioner brings the following claims: (1) no probable cause for
detention, arrest, or prosecution; (2) illegal search and seizure
(3) interrogation after the invocation of the right to counsel; (4)
tainted identification; (5) involuntary confession; (6) lack of
grand jury indictment; (7) denial of the right to preliminary

--------------------------------------------

[12] State ex. rel. Alvin J. Shannon, 88-KH 1312 (La. September
30, 1988).

[13] State ex. rel. Alvin J. Shannon, 88-KH-1864 (La. April 7,
1989).

[14] State ex. rel. Alvin J. Shannon, 91-KH-2491 (La. June 19.
1992).

[15] State ex. rel. Alvin J. Shannon, 93-KH-1222 (La. December
20, 1993).

4


00025

examination; (8) improper composition of the petit jury; (9) *Brady* information was withheld by the state; (10) ineffective assistance of counsel; (11) insufficiency of the evidence; (12) double jeopardy; and, (13) improper denial of pardon and/or clemency.

Title 28 U.S.C. Section 2254(b) provides that a state prisoner's application for a writ of habeas corpus in a federal district court based on an alleged federal constitutional violation will not be granted unless the applicant has exhausted the remedies available in the state courts. To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claims to the state courts. <u>Vela v. Estelle</u>, 708 F.2d 954, 958 (5th Cir.), <u>cert. denied</u>, 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984).

Section 2254 does not require "repetitious applications to state courts". <u>Brown v. Allen</u>, 344 U.S. 443, 448 n. 3, 73 S.Ct. 397, 403 n. 3, 97 L.Ed. 469 (1953). "It is settled that Section 2254 is satisfied if the federal issue has once been properly presented to the highest court of the state".[16] However, "[N]ormally, the exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court". <u>Sones v. Hargett</u>, 61 F.3d 410 (5th Cir. 1995), <u>quoting</u>, <u>Vela v. Estelle</u>, 708 F.2d 954, 958 (5th Cir. 1983).

The total exhaustion rule requires that a district court must

---

[16] 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> Section 4264.

5



dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the highest state court, even if such claims are mixed with exhausted ones. Rose v. Lundy, 455 U.S. 509, 513-519, 102 S.Ct. 1198, 1201-03, 71 L.Ed.2d 379 (1982); see also, Williams v. Maggio, 727 F.2d 1387 (5th Cir. 1984). Where a district court dismisses such a mixed petition, the prisoner is left with the choices of returning to state court to exhaust his claims, or of amending or resubmitting the habeas petition to present only exhausted claims to the district court. Rose v. Lundy, 455 U.S. at 520, 102 S.Ct. at 1204.

In his application for habeas relief, petitioner has raised thirteen claims; however, it appears from an examination of the record that only five of the thirteen claims have been properly exhausted. The exhausted claims are: (1) ineffective assistance of counsel; (2) no probable cause for detention, arrest, and prosecution; (3) *Brady* information was withheld by the state; (4) insufficiency of the evidence; and, (5) double jeopardy. As petitioner's exhausted claims are mixed in a petition with eight unexhausted claims, petitioner's application must be dismissed. Rose v. Lundy, 455 U.S. at 520, 102 S.Ct. at 1204. Petitioner has the options of returning to the state court to exhaust those eight claims, or, of amending his petition to include only his five exhausted claims and resubmitting the amended petition to this court.

6



## RECOMMENDATION

Accordingly, it is recommended that the petition of Alvin James Shannon for issuance of a Writ of <u>Habeas Corpus</u> relief be **DISMISSED WITHOUT PREJUDICE** with **LEAVE TO AMEND** his petition within 10 days after receipt of this recommendation.

A party's failure to file written objections to the proposed findings, conclusions, and/or recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy thereof shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, ___ F. 3d ___, No. 95-50007, 1996 WL 140173, *15 (5th Cir. Mar. 28, 1996).

New Orleans, Louisiana, this 23rd day of April, 1996.



UNITED STATES MAGISTRATE JUDGE

7



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN JAMES SHANNON

VERSUS

BURL CAIN, WARDEN

CIVIL ACTION

NO. 95-3408

SECTION "A" ( )

FILED
U.S. DISTRICT COURT
EASTERN DIST.

MAY 23  3 22 PM '96

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on petitioner Alvin Shannon's objection to the magistrate judge's report and recommendation. The sole discernable objection lodged by the petitioner is that he did not consent to the Court's referral of his application for habeas corpus relief to the magistrate judge. Despite his contention to the contrary, the Court was authorized to designate a magistrate judge to submit a report and recommendation without petitioner's consent under 28 U.S.C. § 636(b)(1)(B). The Court therefore finds petitioner's objection meritless  The Court further finds that the magistrate judge's report and recommendation are fully supported by the applicable law and record in this matter. The Court therefore adopts the report and recommendation as its opinion herein. Accordingly,

IT IS ORDERED that Alvin James Shannon's petition for habeas corpus relied is hereby DISMISSED without prejudice.

New Orleans, Louisiana, this 23rd day of May, 1996.

UNITED STATES DISTRICT JUDGE

00014

DATE OF ENTRY   MAY 24 1996

③

UNITED STATES   DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

MAY 23   3 22 PM '96

LORETTA G. WHYTE
CLERK

ALVIN JAMES SHANNON

VERSUS

BURL CAIN, WARDEN, LSP

CIVIL ACTION

NUMBER:   95-3408

SECTION: "A" (1)

## J U D G M E N T

The Court, having approved the Report and Recommendation of the United States Magistrate Judge, and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of respondent, Burl Cain, and against petitioner Alvin James Shannon, dismissing without prejudice his petition for issuance of a Writ of <u>Habeas</u> <u>Corpus</u>.

New Orleans, Louisiana, this 23rd day of Muy, 1996.

UNITED STATES DISTRICT JUDGE

00012

DATE OF ENTRY  MAY 2 4 1996
(3)